## ANTON CHERPESKI v. GREAT NORTHERN RAILWAY CO.[1]

November 26, 1915.

Nos. 19,490—(149).

**Damages.**

Action for personal injury. Three verdicts, increasing in amount upon each succeeding trial. Last verdict for $6,083 was reduced by the trial court to $4,000. *Held*: This court is not warranted in further reducing the verdict or granting a new trial. [Reporter.]

After the former appeal, reported in 128 Minn. 360, 150 N. W. 1091, the case was tried before Olsen, J., and a jury which returned a verdict for $6,083. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $4,500. From the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.
*Tom Davis* and *Ernest A. Michel,* for respondent.

PER CURIAM.

Upon the new trial granted in this case by the decision on the former appeal reported in 128 Minn. 360, 150 N. W. 1091, plaintiff received a verdict of $6,083. Defendant moved for judgment *non obstante* or for a new trial. The trial court denied the motion for judgment, and denied a new trial on condition that plaintiff consent to a reduction of the verdict to $4,500. Plaintiff accepted the reduction, and defendant appealed from the order denying its motion. The facts are fully stated in the opinion on the former appeal, and need not be restated. The contention that the work which plaintiff was doing at the time he was injured was not connected with the movement of interstate commerce, so as to bring the case within the provisions of the Federal Employer's Liability Act, was disposed of in the former opinion, and we adhere to that decision. We adhere also to our decision that the evidence justified the jury in finding that plaintiff was injured by the negligence of his fellow servants.

This leaves only the question whether the verdict was excessive. There have been three trials of this case. The verdict has increased each time.

1 Reported in 154 N. W. 943.

Plaintiff claimed that the accident caused a rupture, a permanent injury to the sacro-iliac joint, and hemorrhoids. There was evidence tending to support these claims, and there was evidence that tended to throw discredit on them. In view of this state of the record, the action of the trial court in approving the verdict as reduced, and the desirability of ending this litigation, we feel that we are not warranted in either granting a new trial or further reducing the award.

Order affirmed.